## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sarprio Doranti, | Case No. 23-cv-0027 (ECT/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jodi Harpstead, | |
| Respondent. | |

This matter is before the Court on Petitioner Sarprio Doranti's (1) "Habeas Corpus Petition Under 28 U.S.C. § 2254 for Person Held in State Custody Under Civil Commitment," ECF No. 1 ("Petition") (capitalization amended); (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 ("IFP Application"); and (3) "Motion Ordering the Court to Transfer the Petitioner to a Less Restrictive Facility or Full Complete Discharge From the MSOP Facility," ECF No. 3 ("Release Motion") (capitalization amended). For the following reasons, the Court recommends denying the Petition as untimely, denying the IFP Application and Release Motion as moot, and dismissing this action.

This action commenced when the Court received the Petition (and IFP Application) on January 5, 2023. *See* Docket. After reviewing the Petition, U.S. Magistrate Judge Tony N. Leung entered an order in this action on February 28, 2023. *See* ECF No. 5

("February 2023 Order").¹ That order recounted Doranti's civil commitment at the Minnesota Sex Offender Program ("MSOP") and his numerous federal-court challenges to that commitment. *See id.* at 1–6.

Addressing the Petition itself, Magistrate Judge Leung suggested that the Petition's habeas challenges to Doranti's civil commitment did not appear to comply with both (1) the statute of limitations established by 28 U.S.C. § 2244(d), and (2) the exhaustion requirement of 28 U.S.C. § 2254(b)(1). *See id.* at 7. He therefore ordered Doranti to "submit a written memorandum . . . showing cause why this action should not be summarily dismissed under [§ 2254(b)(1) and/or § 2244(d)]." Furthermore, Magistrate Judge Leung quoted an earlier show-cause order directed to Doranti in one of his earlier federal challenges:

> Doranti's response must be specific. Doranti must include an affidavit identifying each petition for a reduction in custody that he has filed pursuant to Minn. Stat. § 253D.27 (or its statutory predecessors) in which he made the claims that he seeks to litigate in this federal action. As to each such petition, the affidavit must describe the claims made by Doranti and state: (1) when the special review board issued a recommendation on the petition and the nature of that recommendation; (2) whether and when Doranti sought rehearing and reconsideration of the recommendation from the judicial appeal panel; (3) when the judicial appeal panel ruled on Doranti's request and the nature of that ruling; (4) whether and when Doranti asked the Minnesota Court of Appeals to review the ruling of the judicial appeal panel; (5) when the Minnesota Court of Appeals issued a decision on Doranti's appeal and the nature of that decision; (6) whether and when Doranti asked the Minnesota Supreme Court to review the decision of the Minnesota Court of Appeals; and (7) when the

---

¹ On April 24, 2023, this matter was reassigned to this Court. *See* ECF No. 9.

> Minnesota Supreme Court issued a decision in Doranti's case and the nature of that decision.

*Id.* at 8 (quoting *Doranti v. Harpstead*, No. 20-CV-0549 (PJS/DTS), 2020 WL 3618576 at *3 (D. Minn. July 2, 2020)).

Doranti has submitted three filings in apparent response to the February 2023 Order. *See* ECF Nos. 6–8. The vast bulk of these filings contends that Doranti's present commitment is unjust and that certain MSOP conditions are improper. As best as the Court can tell, only a sentence or two concerns the issues raised by the February 2023 Order. In those sentences, Doranti simply claims, without more, that he "has exhaust[ed] his state remedies"—and more specifically, that he exhausted his state-court remedies concerning civil-commitment orders "in 1992 and in 1994." *See* ECF No. 6 at 1, 6.

Simply put, Doranti has failed to show that he has a habeas claim that this Court can adjudicate. The only proceedings for which he claims that state-court exhaustion occurred are proceedings dating from the mid-1990s. Assuming for present purposes that Doranti did indeed exhaust his state-court remedies for those proceedings—the Court need not, so will not, decide that point—any attempt to undercut those proceedings now is untimely. The relevant statute of limitations is set by 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), the limitations period running from the date when Doranti's civil-commitment judgments became final expired long ago. And Doranti makes no case whatsoever that one of the § 2244(d)(1)(B)–(D) limitations periods should apply instead, that the tolling mechanism of § 2244(d)(2) affects the outcome here, or that he should benefit from the doctrine of equitable tolling. The Court thus concludes that the § 2244(d) statute of limitations precludes this action. The Court therefore recommends the action's dismissal.

Given this recommendation, the Court further recommends denying the IFP Application and the Release Motion as moot. Furthermore, because the Court does not believe that the grounds for dismissal are reasonably debatable, the Court also recommends

that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the filed, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The petition for a writ of habeas corpus by Petitioner Sarprio Doranti [ECF No. 1] be **DENIED** as untimely under 28 U.S.C. § 2244(d);

2. Doranti's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] be **DENIED** as moot;

3. Doranti's Motion Ordering the Court to Transfer the Petitioner to a Less Restrictive Facility or Full Complete Discharge From the MSOP Facility [ECF No. 3] be **DENIED** as moot;

4. This matter be **DISMISSED WITH PREJUDICE**; and

5. No certificate of appealability be issued.

Dated: April 27, 2023            　　　__s/Douglas L. Micko_____
　　　　　　　　　　　　　　　　　　　Douglas L. Micko
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge